**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF VERMONT**

_____

In re:
    Kevin B. Carpenter,
            Debtor.

Filed & Entered
On Docket
July 21, 2008

Chapter 7 Case
# 07-10378

_____

*Appearances:*    John Canney, Esq.                       Kim F. Lefebvre, Esq.
                       Rutland, VT                                 Albany, NY
                       for the Trustee, Pro Se                  Assistant U.S. Trustee

**ORDER**
**RE-DIRECTING TRUSTEE'S COMMISSION TO PAYMENT OF AUCTIONEER'S COMPENSATION**
**AND CANCELLING HEARING ON ORDER TO SHOW CAUSE**

On June 26, 2008, this Court issued a "Memorandum of Decision Denying Trustee's Motion to Amend Application to Employ Auctioneer Nunc Pro Tunc and Directing Trustee to Show Cause Why Buyer's Premium Should Not Be Deducted from Trustee's Commission" (the "Decision") (doc. # 102). In the Decision, the Court opined that it would be appropriate to reduce the case Trustee's compensation in this case, and direct the Trustee to pay the "buyer's premium" assessed by the Auctioneer, in light of the Trustee's failure to timely and completely (1) disclose all the terms of the Auctioneer's employment and (2) account for all of the proceeds from the sale of the estate assets. The pertinent part of the Decision provides:

> Whether viewed as a sanction based upon a failure to comply with the rules governing bankruptcy fiduciaries' employment of professionals or as a reduction of commission imposed to balance the equities, this Court must consider whether the most reasonable and fair resolution of this matter may be to reduce the Trustee's commission by the amount of the buyer's premium and to redirect this amount to the Auctioneer to fund the buyer's premium portion of his compensation.[1]

Id. The Court ordered the Trustee, the U.S. Trustee ("UST"), and any other interested party, to "show cause why the buyer's premium should not be paid from estate funds that would otherwise be paid to [the case Trustee] as a § 326 commission in this case." Id.

On July 7, 2008, the case Trustee filed a response to the Decision in which he consented to an additional distribution to the Auctioneer (doc. # 105) (the "Response"). As an attachment (Exhibit A) to his Response, the Trustee provided a "Calculation of Trustee's Compensation & Payment of Auctioneer's Commission." The figures were as follows:

---

[1] As noted in footnote 6 of the Decision, if the Court ultimately directs payment of the buyer's premium from the Trustee's commission, the Auctioneer would be paid the lesser of $10,831.05 (the buyer's premium identified in the Reports) or the amount of the Trustee's § 326 commission.

    the total amount of money in the bankruptcy estate    $120,260.04
    the Trustee's compensation (based on that total)    $ 9,263.00
    the Auctioneer's commission    $ 9,664.84

Id. Citing the instruction in footnote 6 of the Decision (referred to in footnote 1, supra) that the "Auctioneer is entitled to additional compensation for the buyer's premium up to the amount of the Trustee's Compensation," the Trustee stated that: "[t]he buyer's premium of $10,831.05 exceeded the Trustee's Compensation of $9,263 by $1,568.05"; the Auctioneer had retained the entire buyer's premium; and "the actual payment for Auctioneers Commission will be reduced by the sum of $1,568.05," and therefore the Reduced Auctioneer Commission amounted to $8,096.79. Id. Adding $93.80 in expenses still due to the Auctioneer from the estate, the Trustee calculated that the total due the Auctioneer would be $8,190.59. Id. The Trustee also requested that, based upon his submission, the show cause hearing be cancelled. Id.

    The UST submitted a statement in response to the Decision (doc. # 105) (the "UST Statement"). The UST Statement avers that the Assistant UST reviewed the case Trustee's response, including the proposed distribution of $8,096.79 as a reduced Auctioneer's commission, and supported that proposed distribution because it both "recognizes that the Auctioneer is holding the buyer's premium in the full amount," and it

> also gives effect to the Court's observation in footnote 6 of its Memorandum of Decision that were it to direct payment of the buyer's premium (from the Trustee's commission), it would be in the lesser amount of either the buyer's premium or the Trustee's commission amount. The Trustee states that the Auctioneer has agreed to the lesser amount.

Id.

    The Court declines to adopt the distribution proposed by the case Trustee and supported by the UST because it does not exactly track the Decision, in particular the paragraph on page 1, supra. The Decision provided that the Auctioneer would receive a full commission and a full buyer's premium, with the caveat, in footnote 6, that if the Trustee's commission was not sufficient to cover the entire buyer's premium, that the Auctioneer would receive the lesser of the buyer's premium ($10,831) or the Trustee's commission (which figure was unavailable at the time, but is now computed to be $9,263). The Decision had no provision authorizing a reduction of the Auctioneer's commission in lieu of a reduction of the buyer's premium. The Court understands that the case Trustee and U.S. Trustee make this suggestion because the Auctioneer is holding the buyer's premium and the Trustee is holding the funds that would be paid to the Auctioneer for the commission. However, the Court does not find this to be a compelling reason to modify its position since, whether held by the Auctioneer or the Trustee, the monies currently being held by the Auctioneer as the "buyer's premium" are property of the estate.

Giving effect to the Decision, and to the gist of the proposal before it, the Court finds it most appropriate that the Auctioneer receive his full commission of $9,664.84, and that any reduction in his compensation come from the buyer's premium. The Trustee's full commission of $9,263 will be devoted to paying the buyer's premium, thus reducing the buyer's premium by $1,568.05 from the original amount sought ($10,831.05). In sum, the Auctioneer will receive his full commission of $9,664.84 plus a buyer's premium of $9,263, plus $93.80 in expenses still due, totaling $19,021.64. Since the Auctioneer has already collected $10,831.05, he is now entitled to be paid $8,190.59 from the estate.

Accordingly, THE COURT HEREBY ORDERS that the additional sum of $8,190.59 be paid to the Auctioneer from the estate as an administrative expense and that the Trustee's entire commission of $9,263 be applied to pay the buyer's premium component of the Auctioneer's compensation;

IT IS FURTHER ORDERED that the Trustee shall reduce his application for § 326 compensation accordingly.

IT IS FURTHER ORDERED that the August 22, 2008 hearing on the Order to Show Cause is cancelled.

**SO ORDERED.**

July 21, 2008                                                                                    Colleen A. Brown
Rutland, Vermont                                                   United States Bankruptcy Judge